[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on October 28, 1972 at Cleveland, Ohio.
All jurisdictional requirements have been met.
The marriage of the parties has broken down irretrievably and the same is hereby dissolved.
The parties have three minor children issue of this marriage:
 Carrie Lee, born January 5, 1975 Thomas A., Jr., born August 26, 1977 Michael J., born October 26, 1981
The Court has considered all statutory criteria contained CT Page 2745 in Conn. Gen. Stat. 46b-56, 46b-81, 46b-82 and 46b-84, and enters the following orders:
1. The plaintiff and defendant shall have joint legal custody of the minor children, with physical custody to the defendant. The plaintiff shall have liberal and flexible rights of visitation but shall give reasonable advance notice to the defendant of his intention to visit. The parties shall discuss all issues concerning the childrens' health, education and welfare. The defendant shall be responsible for all day-to-day decisions affecting the children.
2. The plaintiff shall maintain health insurance for the benefit of the minor children, and each party shall be responsible for one-half of all uninsured, unreimbursed medical expenses incurred on behalf of the minor children. This order is subject to Conn. Gen. Stat. 46b-84(c).
3. The defendant shall retain ownership of the marital home and execute a mortgage note and deed secured by the property located at 11 Deer Run, Fairfield, in favor of the plaintiff in the amount of $65,000.00, together with simple interest of six percent. The note shall be payable upon the earliest of the following contingencies:
 a. The sale of the home b. The remarriage of the defendant c. The youngest child turning eighteen.
 The defendant shall be responsible for the mortgage, taxes, and credit line. All major repairs in excess of $400.00 shall be paid by the parties, seventy-five percent by the defendant, twenty-five percent by the plaintiff.
4. The plaintiff shall name the defendant as beneficiary of $150,000.00 in life insurance for so long as he is obligated to pay alimony. The plaintiff shall name the children as beneficiaries of $135,000.00 in life insurance for so long as he is obligated to pay child support.
5. The defendant shall pay as child support, $50.00 per week, per child. This order is subject to an immediate wage withholding order. In light of the alimony order outlined below, the Court finds that application of the child support guidelines would be inequitable.
6. The defendant shall pay by way of alimony $39,000.00 per year in equal weekly installments of $750.00. This order is subject to an immediate wage withholding order. This CT Page 2746 order shall continue until the death of either party, the wife's remarriage, further order of the Court pursuant to Conn. Gen. Stat. 46(b) or October 31, 2000, at which time the alimony payments shall be decreased to $500.00 per week until the death of either party, the wife's remarriage, further order of the Court pursuant to Conn. Gen. Stat. 46b-86(b) or October 31, 2004. If alimony terminates prior to all children reaching majority, the defendant may seek modification of the child support order.
7. The parties shall divide equally the cost of parochial school, tuition, books and uniforms for the minor children.
8. The plaintiff shall, upon request by the defendant cooperate in any financing relative to the marital home which will enable the defendant to make her car payments tax deductible.
9. The matter of distribution of household furnishings and furniture is referred to the Family Relations Office for mediation and the Court retains jurisdiction to enter further orders on this matter.
10. The plaintiff shall cooperate in making medical benefits available to the wife for as long as the law allows, at her expense.
11. Except as otherwise ordered each party shall retain the assets listed on their affidavits and be responsible for the debts therein listed as well.
12. The plaintiff shall pay the defendant $122.00 forthwith as a pendente lite medical reimbursement arrearage.
13. The plaintiff shall by way of contribution toward counsel fees, pay to the defendant, $3,000.00 within 120 days of judgment.
The above orders are based on the defendant's financial affidavit and testimony indicating the plaintiff has earnings projected at $104,800.00.
BY THE COURT GORDON, JUDGE